Zachary Spier, OSB #124609
405 NW 18th Avenue
Portland, OR 97209
Phone: (503) 305-3730
Fax: (503) 616-7180
Email: zachary@spier-law.com
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTHONY CROSS | Case No.: _____ |
| Plaintiff, | |
| v. | |
| CITY OF PORTLAND, a public body; CHARLES ASHEIM, in his individual capacity; JAMES DEFRAIN, in his individual capacity; CHRISTOPHER BURLEY, in his individual capacity; PATRICK MURPHY, in his individual capacity; BRIAN DALE, in his individual capacity; and KEN DUILIO, in his individual capacity, | COMPLAINT<br><br>42 U.S.C. § 1983<br>CIVIL RIGHTS VIOLATIONS;<br><br>SUPPLEMENTAL STATE CLAIMS |
| Defendants | **DEMAND FOR JURY TRIAL** |

NATURE OF THE ACTION

1. This is a civil rights action brought by Plaintiff Anthony Cross.

2. Plaintiff alleges that during and because of his unlawful arrest, his detention, and his incarceration the above-captioned defendants, Charles Asheim, James Defrain, Christopher Burley, Patrick Murphy, Brian Dale, Ken Dulilo ("the individual Defendants"), and the City of Portland ("the City"), violated 42 U.S.C. § 1983 through violations of civil rights guaranteed

by the substantive and procedural components of the United States and Oregon Constitutions.

3. Plaintiff also alleges that during and because of his unlawful arrest, his detention, and his incarceration that the City violated 42 U.S.C. § 1983 through establishing a pattern or policy of civil rights violations by ratifying a subordinate's unconstitutional actions pursuant to *Monell v. Department of Social Services*, 436 US 658 (1978) and *Adickes v. Kress*, 398 US 144 (1970).

4. Plaintiff also alleges that the individually listed defendants are liable for assault and battery under state law.

5. Plaintiff also alleges that the City is liable for the individual defendants' assault and battery under the state theory of respondeat superior.

6. Plaintiff seeks compensatory damages, punitive damages, and attorney fees and costs against the above-captioned defendants.

## JURISDICTION AND VENUE

7. This civil action arises under the Constitution and laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

8. With regard to state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 thus venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

9. The actions giving rise to this complaint took place in the City of Portland, Multnomah County, Oregon.

## PARTIES

10. Plaintiff was a resident of Portland, Oregon at all times material to this case.

11. The City is a municipality, incorporated under the laws of the State of Oregon, and responsible under state law for the acts and omissions of its employees and officials, including those whose conduct is at issue herein. The City is responsible for the constitutional violations

at issue in this case because a final policymaker ratified a subordinate's unconstitutional actions.

12. At all material times herein, Defendant Charles Asheim ("Defendant Asheim") was an officer of the Portland Police Bureau, a subunit of the City, acting within the course and scope of his employment and is being sued in his individual capacity as such. Defendant Asheim carried out the actions complained of in his individual capacity, under the color of state law, and in the course and scope of his employment and dues as an employee of the City.

13. At all material times herein, Defendant James Defrain ("Defendant Defrain") was an officer of the Bureau, acting within the course and scope of his employment and is being sued in his individual capacity as such. Defendant Defrain carried out the actions complained of in his individual capacity, under the color of state law, and in the course and scope of his employment and dues as an employee of the City.

14. At all material times herein, Defendant Christopher Burley ("Defendant Burley") was an officer of the Bureau, acting within the course and scope of his employment and is being sued in his individual capacity as such. Defendant Burley carried out the actions complained of in his individual capacity, under the color of state law, and in the course and scope of his employment and dues as an employee of the City.

15. At all material times herein, Defendant Patrick Murphy ("Defendant Murphy") was an officer of the Bureau, acting within the course and scope of his employment and is being sued in his individual capacity as such. Defendant Murphy carried out the actions complained of in his individual capacity, under the color of state law, and in the course and scope of his employment and dues as an employee of the City.

16. At all material times herein, Defendant Brian Dale ("Defendant Dale") was an officer of the Bureau, acting within the course and scope of his employment and is being sued in his individual capacity as such. Defendant Dale carried out the actions complained of in his individual capacity, under the color of state law, and in the course and scope of his employment and dues as an employee of the City.

17. At all material times herein, Defendant Ken Duilio ("Defendant Duilio") was an officer of the Bureau, acting within the course and scope of his employment and is being sued in his individual capacity as such. Defendant Duilio carried out the actions complained of in his individual capacity, under the color of state law, and in the course and scope of his employment and dues as an employee of the City.

## FACTS

18. On the evening of September 13, 2012, officers of the Portland Police Bureau went to the home of Elizabeth Prescott, Plaintiff's girlfriend, to serve an arrest warrant.

19. After three hours, Plaintiff exited the building with his hands up. One of the individual Defendants or another police officer grabbed Plaintiff by the wrist and pulled him to the ground. Plaintiff did not resist arrest.

20. One or more of the individual Defendants held Plaintiff to the ground and punched, kicked, or otherwise struck Plaintiff, causing serious injuries.

21. Because of the severity of his injuries, Plaintiff was transported to Emmanuel Hospital for treatment. Plaintiff was later transported to Multnomah County Jail.

22. Plaintiff incurred injuries including, but not limited to, concussion, tooth damage, nerve damage, optical damage, severe bruising, contusion, post-traumatic stress disorder, depression, and memory loss.

23. Plaintiff continues to suffer from injuries including, but not limited to, tooth damage, nerve damage, optical damage, severe bruising, post-traumatic stress disorder, depression, and memory loss.

## CLAIMS FOR RELIEF

24. Plaintiff brings claims under 42 USC § 1983 for violations of his Fourth Amendment rights including excessive force resulting in substantial injury as well as pendant State Law claims for Assault and Battery.

25. Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and costs against defendants.

26. Plaintiff provided Defendants with notice of his intent to pursue claims by sending a formal notice to the City that was acknowledged on November 13, 2012 and also by filing a *pro* se complaint in this Court on November 16, 2012. (Case 3:12-cv-02088-TC, dismissed without prejudice February 14, 2013). Plaintiff has thereby satisfied the notice requirements of the Oregon Tort Claims Act, as specified in ORS 30.275.

## FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – Fourth Amendment – Excessive Use of Force
### Individual Liability

27. Paragraphs 1-26 are incorporated by reference.

28. By their actions as described herein, Defendants Asheim, Defrain, Burley, Murphy, Dale, and Duilio ("the individual Defendants"), under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws; namely, Plaintiff's right to freedom from unreasonable search and seizure and by the use of excessive force.

29. The actions of the individual Defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against the individual Defendants, in their individual capacities, in an amount sufficient to punish them and to deter others from like conduct.

30. The individual Defendants violated rights held by Plaintiff which were clearly established, and no reasonable official similarly situated to the individual defendants could have believed that their conduct was lawful or within the bounds of reasonable discretion. The individual Defendants therefore do not have qualified or statutory immunity from suit or liability.

31. As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages including physical injury; pain and suffering; nerve damage; depression; post-traumatic stress disorder; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; and loss of ability to fully perform certain job duties; loss of ability to enjoy certain recreational and leisure activities; loss of ability to enjoy a variety of activities with family members and friends. As such, Plaintiff is entitled to all to his damages in an amount to be ascertained according to proof at trial.

32. As a direct and proximate result of Defendants' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment.

33. Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – *Monell, Adickes*
### Municipal Liability

34. Paragraphs 1-26 are incorporated by reference.

35. On information and belief, Portland Police Officers have previously used excessive force in similar situations, and the City has expressly encouraged or acquiesced in this unlawful behavior, has ratified said conduct through the internal affairs process, and/or tacitly encouraged or acquiesced in it by failing to train, supervise, or discipline its officers, thus evincing deliberate indifference to Plaintiff's constitutional rights, sufficient to support a verdict that the City's policy, custom, or practice caused the false and excessively forceful arrest of Plaintiff and subsequent prosecution of Plaintiff.

36. It was the policy and/or custom of the City to inadequately supervise and train its officers, including the defendant officers, thereby failing to adequately discourage further

constitutional violations on the part of its officers. The City did not require appropriate training regarding the appropriate amount of force to be used against a compliant subject.

37. As described above and at least in part, one or more of the City's policies, official well-established practices or acts caused the violation of Plaintiff's right not to be subjected to excessive physical force and his resulting injuries, as guaranteed by the Fourth Amendment to the United States Constitution.

38. As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages including physical injury; pain and suffering; nerve damage; depression; post-traumatic stress disorder; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; and loss of ability to fully perform certain job duties; loss of ability to enjoy certain recreational and leisure activities; loss of ability to enjoy a variety of activities with family members and friends. As such, Plaintiff is entitled to all to his damages in an amount to be ascertained according to proof at trial.

39. As a direct and proximate result of Defendants' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment.

40. Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF
### State Law – Assault
### Individual and Municipal Liability

41. Paragraphs 1-26 are incorporated by reference.

42. The individual Defendants engaged in volitional acts with the intent to cause Plaintiff to suffer harmful contact. Plaintiff did in fact suffer harmful contact as a result of the defendants' conduct. The City is liable in *respondeat superior* for the actions of the individual Defendants.

43. The actions of the individual Defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against the individual Defendants in their individual capacities, in an amount sufficient to punish them and to deter others from like conduct.

44. As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages including physical injury; pain and suffering; nerve damage; depression; post-traumatic stress disorder; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; and loss of ability to fully perform certain job duties; loss of ability to enjoy certain recreational and leisure activities; loss of ability to enjoy a variety of activities with family members and friends. As such, Plaintiff is entitled to all to his damages in an amount to be ascertained according to proof at trial.

45. As a direct and proximate result of Defendants' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment.

**FOURTH CLAIM FOR RELIEF**
**State Law – Battery**
**Individual and Municipal Liability**

46. Paragraphs 1-26 are incorporated by reference.

47. The individual Defendants intended to cause and did cause harmful contact with Plaintiff's person. Plaintiff did not consent to Defendants' actions and the actions were neither privileged nor justified. The City is liable in *respondeat superior* for the actions of the individual Defendants.

48. The actions of the individual Defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon the knowledge of, or in conscious

disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against the individual Defendants in their individual capacities, in an amount sufficient to punish them and to deter others from like conduct.

49. As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages including physical injury; pain and suffering; nerve damage; depression; post-traumatic stress disorder; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; and loss of ability to fully perform certain job duties; loss of ability to enjoy certain recreational and leisure activities; loss of ability to enjoy a variety of activities with family members and friends. As such, Plaintiff is entitled to all to his damages in an amount to be ascertained according to proof at trial.

50. As a direct and proximate result of Defendants' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment.

## RELIEF REQUESTED

WHEREFORE Plaintiff respectfully requests that the Court, jointly and severally as appropriate:

a. Award Plaintiff economic damages in a just sum as determined by a jury;
b. Award Plaintiff non-economic damages in a just sum as determined by a jury;
c. Award Plaintiff punitive damages against the individual Defendants in their individual capacities in an amount sufficient to punish them and deter others from like conduct;
d. Award Plaintiff his reasonable attorney fees and costs;

e. Grant Plaintiff injunctive, declaratory, and equitable relief as the court deems appropriate, and

f. Grant Plaintiff such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated August 14, 2014

s/ Zachary D. Spier            .
Zachary Spier, OSB #124609
405 NW 18th Avenue
Portland, OR 97209
(503) 305-3730
Attorney for Plaintiff Anthony Cross

COMPLAINT – Page 10 of 10