JAMES G. RICE, Oregon State Bar ID Number 824884
Senior Deputy City Attorney
Email: Jim.Rice@portlandoregon.gov
REBECA PLAZA, Oregon State Bar ID Number 053504
Deputy City Attorney
Email: Rebeca.Plaza@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANTHONY CROSS,** | 3:14-cv-01310-KI |
| **PLAINTIFF,** | |
| v. | **DEFENDANTS' MOTION TO COMPEL DISCOVERY** |
| **CITY OF PORTLAND,** a public body, **CHARLES ASHEIM,** in his individual capacity, **JAMES DEFRAIN,** in his individual capacity, **CHRISTOPHER BURLEY,** in his individual capacity, **PATRICK MURPHY,** in his individual capacity, **BRIAN DALE,** in his individual capacity, and **KEN DUILIO,** in his individual capacity, | **ORAL ARGUMENT REQUESTED** |
| **DEFENDANTS.** | |

### CERTIFICATE PURSUANT TO LOCAL RULE 7-1

Counsel for defendants City of Portland, Charles Asheim, James Defrain, Christopher Burley, Patrick Murphy, Brian Dale and Ken Duilio, hereinafter ("Defendants") certify that counsel for defendants and counsel for plaintiff have made a good faith effort to resolve the issues in dispute, and have been unable to do so.

Page 1 –   DEFENDANTS' MOTION TO COMPEL DISCOVERY

I.  **MOTION**

Defendants respectfully move the Court for an Order as follows:

1. Compel plaintiff to provide defendants with the discovery documents requested in Defendant City of Portland's First Request for Production dated March 19, 2015. (Exhibit A, Declaration of James G. Rice.)

2. Order plaintiff to tender the documents within 30 days and for every document not produced provide a detailed explanation of the steps taken to obtain the document(s).

II.  **MEMORANDUM OF LAW**

A.  Introduction

Plaintiff asserts four claims for relief against Defendants as follows:

1. First Claim for Relief – Individual Liability, Excessive Force;
2. Second Claim for Relief - Municipal Liability, *Monell*, *Adickes*;
3. Third Claim for Relief – Individual and Municipal Liability, Assault;
4. Fourth Claim for Relief – Individual and Municipal Liability, Battery.

In attempting to conduct discovery, on March 19, 2015, Defendant City of Portland served plaintiff with "Defendant City of Portland's First Request for Production" pursuant to FRCP 33. (Exhibit A, Declaration of James G. Rice.) That discovery request required production to the City of Portland no later than Monday, April 20, 2015.

On April 15, 2015, the Court held a status conference in the case and ordered Plaintiff to respond to the City of Portland's request for production by June 15, 2015. (Docket No. 26). To date, plaintiff has not responded to defendants' discovery requests. Additionally, on June 15, 2015, the Court issued an order directing the parties to confer on a new case schedule and file a proposed schedule with the Court by June 30, 2015. (Docket No. 39).

B.  Legal Standard

FRCP 26(B)(1) permits parties to obtain "discovery regarding any non-privileged matter

Page 2 –   DEFENDANTS' MOTION TO COMPEL DISCOVERY

that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

FRCP 34(a)(1) provides that when served with a request for production, the responding party must "produce and permit the requesting party to inspect, copy, test or sample" responsive items within its "possession, custody or control." FRCP 34(b)(2) provides that a party has 30 days from the date of service to respond to a request for production of documents.

FRCP 37(a)(1) provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FRCP 37(a)(4) provides that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

C.   Argument

To date, plaintiff has not provided a formal response to the March 19, 2015 request. Plaintiff has only tendered: 1) One link to a You Tube video; and 2) The name of one eyewitness without the accompanying address.

Plaintiff has in 91 days not produced any other documents responsive to Defendant's First Request for Production, nor has he provided any adequate explanation for the lack of production, despite telephone calls and emails exchanges. The discovery sought is not complex or difficult to obtain and of the type one would typically gather prior to initiating litigation.

In addition, plaintiff has not supported his privilege objections by providing a privilege log within the 30-day time frame specified by Fed. R. Civ. Proc. 34(2), so the Court may find that plaintiff has waived his privilege objections. The Court takes into account the following factors: The degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and

boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Additionally, plaintiff has not produced photographs, a journal, notes, or pay stubs, all of which by plaintiff's own admission are in his possession, custody and control.

D.   Conclusion

Plaintiff is in violation of the Court's April 15, 2015 order, directing Plaintiff to respond to the City of Portland's request for production by June 15, 2015. Plaintiff's noncompliance with the Court's order has created the necessity of this motion. Moreover, the Court's recent order directing the parties to confer and propose a new schedule, places Defendants in a difficult position. It will be challenging to arrive at a new schedule when the most basic discovery request requires court intervention.

For the above-stated reasons, the Court should grant the Defendants' Motion to Compel.

Dated: June 19, 2015

Respectfully submitted,

_/s/ James G. Rice_
JAMES G. RICE, OSB # 824884
Sr. Deputy City Attorney
Telephone: (503) 823-4047
Of Attorneys for Defendant City of Portland