UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**ANTHONY CROSS**,

        Plaintiff,

v.

**CITY OF PORTLAND, a public body, CHARLES ASHEIM, in his individual capacity, JAMES DEFRAIN, in his individual capacity, CHRISTOPHER BURLEY, in his individual capacity, PATRICK MURPHY, in his individual capacity, BRIAN DALE, in his individual capacity, and KEN DUILIO, in his individual capacity**,

        Defendants.

Case No. 3:14-CV-01310-KI

OPINION AND ORDER

Zachary Spier
405 NW 18th Avenue
Portland, OR 97209

        Attorney for Plaintiff

Page 1 - OPINION AND ORDER

James G. Rice
Senior Deputy City Attorney
Rebeca Plaza
Deputy City Attorney
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204

      Attorneys for Defendants

KING, Judge:

Plaintiff Anthony Cross brings a complaint against individual officers for excessive use of force under Section 1983, and a claim against the City of Portland for failure to train and supervise officers, as well as claims for assault and battery. Pending before me is the Defendants' Renewed Motion to Dismiss for Failure to Obey Court Orders or for Failure to Prosecute [52]. For the following reasons, I grant the motion.

## BACKGROUND

Cross filed this case on August 14, 2014. On September 29, 2014 the Court requested a status update on plaintiff's service efforts. Plaintiff served defendant City of Portland that very day, and promised he would serve the individual officers shortly thereafter. On November 12, I granted plaintiff's request for additional time to serve the individual defendants. On March 18, 2015, after all of the initial discovery and pretrial order deadlines had passed, as well as the deadline by which plaintiff was to have served the individual defendants, the Court again contacted the attorneys and asked for a joint status report. The City of Portland's attorney filed a status report on March 20, reporting that it mailed its First Request for Production ("RFP") to plaintiff on March 19, 2015 and that none of the individual defendants had been served.

Page 2 - OPINION AND ORDER

The Court held an in-court conference, at the City of Portland's request, on April 15, and discussed plaintiff's service efforts with counsel. The Court ordered that service be completed by May 15, and that plaintiff respond to the City of Portland's RFP by June 15.

Plaintiff filed returns of service for all but one of the individual defendants. The Court gleaned from a declaration filed by plaintiff that he required additional time to serve the last individual defendant. The Court granted him a few extra days, but instructed counsel to file a motion if he needed relief from future court-ordered deadlines. Plaintiff successfully served the final defendant.

Having received no indication from either party as to any new requested case deadlines, the Court instructed the parties to confer and file their proposed schedule with the Court by June 30.

On June 19, defendants filed a Motion to Compel reporting that plaintiff had failed to formally respond to their RFP. Plaintiff had provided one link to a You Tube video and the name of one eyewitness without an address. Despite numerous calls and email exchanges over the 91 elapsed days, defense counsel had not heard an explanation for plaintiff's failure to respond to the RFP.

Additionally, because the Court had ordered the parties to prepare and a file a joint proposed case schedule, defense counsel attempted to communicate with plaintiff's counsel by U.S. Mail and email. Having heard nothing, defendants filed their own proposed case schedule.

Plaintiff failed to respond to defendants' Motion to Compel. The Court granted the motion and ordered plaintiff to respond by July 24 to defendants' RFP dated March 19, 2015.

Page 3 - OPINION AND ORDER

The Court warned plaintiff, "Failure to provide a response will result in dismissal of this action." Minute Order, July 10, 2015, ECF No. 44.

On July 24, plaintiff's counsel moved for an order extending the deadline explaining he suffers from a psychiatric illness. He explained any delay was the fault of counsel, not plaintiff, and that a dismissal would "severely and permanently prejudice the plaintiff because the statute of limitations" will prevent refiling the case. Spier Decl. ¶ 10, July 24, 2015, ECF No. 45. A few days later, defendants filed their first Motion to Dismiss, noting the history set forth above consisting of four separate incidents where plaintiff violated a court order, and pointing out plaintiff had still not provided a single piece of paper in response to the RFP.

I granted plaintiff's request to extend the deadlines. I found plaintiff's counsel had provided "compelling reasons not to dismiss plaintiff's case for lack of prosecution or for failure to follow court orders. In addition, he has given sufficient reasons to satisfy the excusable neglect standard to obtain additional time to respond to defendants' discovery request." Minute Order, July 29, 2015, ECF No. 48. I ordered plaintiff to "completely satisfy" defendants' RFP by August 27, 2015. *Id.* In addition, I ordered plaintiff's counsel to "decide whether he is in a position to provide adequate representation and, if not, assist plaintiff in obtaining co-counsel or replacement counsel" by August 27. *Id.* I ordered plaintiff's counsel to show this order to his client and file a declaration with the Court by August 5 confirming he had done so. I warned plaintiff, however, that "[f]ailure to comply with any of these deadlines will result in dismissal of the case." *Id.* Finally, I concluded, after weighing the factors at issue and the prejudice to plaintiff from his counsel's neglect, that dismissal was not warranted yet.

Plaintiff's counsel filed his declaration on August 5 as ordered and reported he had discussed these issues at length with plaintiff. On August 25, plaintiff's counsel filed a status update in which he revealed he had adjusted his medications, found an attorney advisor in the local community, and responded to the "vast majority" of the RFP except for an MRI he had just remembered and medical records from Portland Adventist he had just learned about. Status Report, Aug. 25, 2015, ECF No. 51. He also informed the Court about his inaccessibility while on vacation through September 10.

On August 28, defendants filed this pending motion. In the motion, defendants' counsel reports a complete lack of communication between counsel. For example, defendants' counsel promptly returned a call from plaintiff's counsel on August 24, only to get plaintiff's counsel's voicemail.

A response to defendants' motion to dismiss was due September 14, 2015. No response has been filed.

## DISCUSSION

If a party fails to obey a court order to provide or permit discovery, "the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The standards are the same under either of these rules. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

Accordingly, to determine whether dismissal is an appropriate sanction, the court must weigh the following factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the public policy favoring the disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

*Id.* (internal quotation marks omitted).

The Ninth Circuit has commented that "where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions" making the third and fifth factors determinative. *Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1988). Aside from the fact that violation of a court order always satisfies the first factor, I note plaintiff's noncompliance with court orders and discovery rules has resulted in significant delay in the prosecution of this case. The public's interest in expeditious resolution strongly weighs in favor of dismissal.

Further, with respect to the fourth factor, while normally resolving cases on the merits weighs against dismissal, defendants point out the City of Portland is a public entity, which has made extensive attempts to communicate with plaintiff's counsel and keep the case moving. Plaintiff's failure to comply with the Court's orders, produce discovery, and confer with defense counsel has forced the City to expend public resources, which tends to support dismissal of the case despite the policy favoring resolution of cases on their merits. Furthermore, the Court and defense counsel have shown considerable patience and leniency over the course of the year. Any

public policy in favor of deciding cases on the merits is outweighed by these other considerations.

With regard to the third factor, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  Further, "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice." *Id.*  Accordingly, while plaintiff's substantial delay alone is insufficient to support dismissal, plaintiff's failure to meet his responsibilities and obligations under the discovery rules, despite repeated orders to respond to defendants' RFP, militates in favor of dismissal.  Specifically, defendants note that after sorting through plaintiff's bulk response (not organized by each corresponding RFP request), they have concluded plaintiff failed to satisfy eight out of 18 requests for production.  For example, despite the central importance of plaintiff's Portland Adventist medical records and the fact that a police report provided to plaintiff's counsel in March revealed police took plaintiff there, plaintiff's counsel indicates he only became aware the hospital had treated plaintiff when he began preparing the RFP response in August.  Further, plaintiff failed to provide:  witness names and contact information, all of his medical billing records, any documents related to criminal or civil proceedings, and tax returns.  Defendants have reason to believe plaintiff possesses documents responsive to these requests.  Without dismissal, defendants will continue to face costs and expend effort in order to obtain the information necessary to defend this action.  This factor weighs heavily in favor of dismissal.

Examination of the fifth factor requires delving into three issues:  "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the

Page 7 - OPINION AND ORDER

recalcitrant party about the possibility of dismissal." *Valley Eng'rs, Inc.*, 158 F.3d at 1057. At this point, alternative sanctions are not viable here. Some options include: "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, dismissal of the suit unless new counsel is secured, preclusion of claims or defenses, or the imposition of fees and costs upon counsel." *Malone*, 833 F.2d at 132 n.1 (quotation omitted). The Court has already warned plaintiff, putting the case at the bottom of the calendar would only prolong the case, and imposing a fine, costs or attorney fees on a plaintiff appearing *in forma pauperis* would not be achievable. Plaintiff's counsel fully discussed the Court's orders with his client and obtained the assistance of an advisory attorney; there is no indication plaintiff considered obtaining new counsel. Despite these protective measures, plaintiff failed to fully comply with defendants' RFP. For a response to defendants' RFP due in April, the Court gave plaintiff an additional four months to respond. Along the way, the Court repeatedly warned plaintiff that the case would be dismissed if he failed to comply. In short, the Court has warned plaintiff, excused plaintiff's noncompliance, and required confirmation from counsel that he communicated the Court's expectations to plaintiff. Having implemented unsuccessful alternatives to no avail, dismissal is justified. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (court must consider less drastic alternatives, but is not required to exhaust all such alternatives prior to dismissal).

Finally, to warrant a sanction of dismissal, the court also considers whether violations of court orders were due to the willfulness, bad faith, or fault of the party. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad

faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).  This is not a case of accidentally missing deadlines or losing a discovery request.  There is no evidence plaintiff's conduct was outside his control.  Dismissal of this case is warranted.

## CONCLUSION

Based on the foregoing, I grant Defendants' Renewed Motion to Dismiss for Failure to Obey Court Order(s) or in the Alternative for Failure to Prosecute [52].  This case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  18th  day of September, 2015.

　　　　　　　　　　　　　　　　　　／s/ Garr M. King
　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　United States District Judge